UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAUSTINE KIWIA | * | No. _______ |
| | * | |
| Versus | * | SECTION __ |
| | * | JUDGE ____________________ |
| M/V OSLO BULK 9, ITS ENGINES | * | |
| MACHINERY, TACKLES, APPURTENANCES | * | MAGISTRATE ____ |
| APPAREL, ETC., *IN REM*, | * | JUDGE ____________________ |
| OSLO BULK, AND | * | |
| BULKSHIP MANAGEMENT, AS | * | |

******************************************************************************

**VERIFIED COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **FAUSTINE KIWIA**, who respectfully files this Verified Complaint for Damages against the vessel known as the M/V OSLO BULK 9, its engines, machinery, tackles, appurtenances, apparel, etc., *in rem*, and against Defendants, BULKSHIP MANAGEMENT, AS. and OSLO BULK, *as follows:*

1.

This case is within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Venue is proper because the Vessel is currently located in this district, and the accident at issue in this district.

3.

Plaintiff is an individual residing in the state of Louisiana who has a claim for personal injury damage against the M/V OSLO BULK 9, BULKSHIP MANAGEMENT, AS, and OSLO BULK.

**Factual Background**

4.

The M/V OSLO BULK 9 is a 108 meter long cargo ship, with IMO Number 9485825 ("Vessel"), which is presently within this District and therefore subject to the jurisdiction of this Court.

5.

Upon information and belief, BULKSHIP MANAGEMENT AS and OSLO BULK are the owners, operators, managers, and/or parties in interest in the M/V OSLO BULK 9, and are foreign entities which do not maintain a business office or address in Louisiana, and have no designated or maintained a resident agent for service of process. Service of process can be had over Defendants by serving the Louisiana Secretary of State, to be forwarded to Postbox 1256, Vika, 0111 Oslo, Norway, and 159 Telok Ayer Street, Singapore 068614.

6.

Plaintiff brings this action against the Vessel and Defendants pursuant to Rules C and E of the Supplemental Rules for Admiralty and Maritime Claims.

7.

On or about March 1, 2019, Plaintiff was attempting to board the M/V OSLO BULK 9 while it was docked at the Port of New Orleans so that he could perform work on the Vessel.

8.

As Plaintiff climbed onto the Vessel, a member of the Vessel's crew suddenly, and without warning, closed a hatch cover onto Plaintiff's right hand, severing three of Plaintiff's fingers from that hand.

9.

As a result of the March 1, 2019 incident on board the M/V OSLO BULK 9 at the Port of New Orleans, Plaintiff has suffered serious injuries to his right hand, as well as mental injuries resulting from the traumatic amputation of several fingers from his hand, and is entitled to recover from BULKSHIP MANAGEMENT AS, OSLO BULK, and the M/V OSLO BULK 9 reasonable and just compensatory, special, and general damages as prayed for herein and to be awarded by this honorable Court in the following, non-exclusive respects:

(1) Past, present and future physical, mental and emotional pain and suffering;

(2) Past, present and future loss of wages, fringe benefits and wage earning capacity;

(3) Past and future physical disability;

(4) Past, present and future medical expenses; and

(5) All other special and general damages as will be shown at the trial of this matter.

**_*In Rem*_ <u>Action Against the M/V OSLO BULK 9</u>**

10.

Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein the allegations contained within the foregoing paragraphs.

11.

As a result of the March 1, 2019 incident on board the M/V OSLO BULK 9, Plaintiff has suffered personal injuries which have a value in excess of $1,000,000, for which the Vessel and Defendants are jointly and severally liable. Plaintiff has a preferred maritime lien against the Vessel for this amount, which Plaintiff asserts *in rem*.

**_In Personam_ Action Against BULKSHIP MANAGEMENT AS and OSLO BULK**

12.

Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein the allegations contained within the foregoing paragraphs.

13.

As a result of the March 1, 2019 incident on board the M/V OSLO BULK 9, Plaintiff has suffered personal injuries which have a value in excess of $1,000,000, for which the Vessel and Defendants are jointly and severally liable. Plaintiff has an action against Defendant for these amounts by virtue of his claims asserted under the general maritime law.

**Supplemental Rules C and E**

14.

Pursuant to Supplemental Rules C and E(5)(a), Plaintiff requests that a Warrant of Arrest Issue for attachment of the Vessel and that, thereafter, the Court fix the principal amount of the bond or other security to obtain the M/V OSLO BULK 9's release at an amount sufficient to satisfy Plaintiff's claims, with accrued judicial interest and costs, and further requests that the Court require that the bond or other security be conditioned for the maximum permitted by Rule E(5)(a), which permits security for up to two times the amount of Plaintiff's claims.

**Conclusion and Prayer**

15.

Plaintiff is entitled under Supplemental Rule C to attach the M/V OSLO BULK 9, which is owned, operated, and/or managed by Defendants.

16.

No waiver is intended of any rights or remedies which Plaintiff may have against other parties involved in the incident at issue, or other rights and remedies to which Plaintiff may have under any other laws, which rights and remedies are specifically reserved.

WHEREFORE, Plaintiff, **FAUSTINE KIWIA**, prays that the Court:

(1) Issue a Warrant of Arrest for the M/V OSLO BULK 9, commanding the United States Marshal to arrest the vessel and take it into custody;

(2) Order the M/V OSLO BULK 9 to be condemned and sold to pay the costs of *custodial egis* and damages owed to Plaintiff;

(3) Enter judgment in favor of Plaintiff on his claims against the Vessel and Defendants, and award damages to Plaintiff in the amount of at least $1,000,000, plus judicial interest, costs, and fees;

(4) Render such other further relief which may be just under the premises.

Respectfully Submitted,

*/s/ Megan C. Misko*________________

TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
JOSEPH B. MARINO, III (29966)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system this 9th day of January, 2020. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and/or U.S. Mail or electronic means.

/s/ *Megan C. Misko*
MEGAN C. MISKO